# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3851

_____

Elton Eddie Johnson,                    *
                                        *
                Appellant,              *
                                        *
        v.                              *  Appeal from the United States
                                        *  District Court for the
Judy Pridgen, Sheriff, Saline County    *  Eastern District of Arkansas.
Sheriff's Department (originally sued    *
as Pridgen); Knowles, Detective,        *  [UNPUBLISHED]
Saline County Sheriff's Department;      *
Martin, Detective, Saline County         *
Sheriff's Department; Shawn Garner,      *
Sgt., State Trooper, Saline County       *
(originally sued as Garner); Doe, Head   *
Jailor, Saline County Jail,              *
                                        *
                Appellees.              *

_____

Submitted: March 7, 2002
     Filed: April 1, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Elton Johnson appeals the district court's[1] post-hearing dismissal of his 42 U.S.C. § 1983 action arising out of a beating he received at the hands of fellow detainees during his detention at the Saline County Jail.

After carefully reviewing the record, we conclude that the district court properly dismissed Johnson's suit.  The evidence does not support an inference that the named defendants knew of his need for protection, or of his subsequent need for medical care.  See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (hearing to determine whether pro se inmate's § 1983 damage claims warrant jury trial is permitted, but hearing must be consistent with right to jury trial and standard is whether case would survive motion for judgment as matter of law).  We further conclude that the magistrate judge did not abuse his discretion by denying Johnson's request to call additional witnesses at the evidentiary hearing.  Cf. Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (decision to grant or deny subpoenas for indigent parties pursuant to 28 U.S.C. § 1915(c) is within discretion of trial court).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable George Howard Jr., United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.